# United States District Court

__MIDDLE__ __DISTRICT OF__ __ALABAMA__

UNITED STATES OF AMERICA

v.

REGINALD HEFLIN

## CRIMINAL COMPLAINT

CASE NUMBER: 3:07mj 87-SRW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 17, 2006__, in __Chambers__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) , (Track Statutory Language of Offense)

knowingly and intentionally distributing cocaine base,
a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__ . I further state that I am

a(n) __DEA Special Agent__ and that this complaint is based on the following facts:
   Official Title

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__October 1, 2007__     at    __Montgomery, Alabama__
Date                      City and State

__SUSAN RUSS WALKER, U. S. Magistrate Judge__
Name & Title of Judicial Officer             Signature of Judicial Officer

AFFIDAVIT

I, Thomas Halasz do solemnly depose and state the following:

1) I am an Special Agent with the United States Drug Enforcement Administration (DEA) and have been so employed since June 1987. Prior to my appointment as a Special Agent, I was employed as a municipal police officer in the state of Vermont for approximately 8 years. During a part of my tenure with the Springfiled, Vermont, Police Department, I was assigned as a general crimes detective with responsibility for the investigation of violations of state and federal narcotics laws.

2) As a Special Agent for DEA, I am currently responsible for the investigation of federal offenses involving the alleged manufacturing, distribution and possession to distribute narcotics in the United States, specifically within the Middle District of Alabama. I have received training in how to conduct investigations of offenses relating to the manufacturing, distribution and possession with intent to distribute narcotics in the United States.

3) This affidavit is being made in support of a request for a complaint against REGINALD HEFLIN.

4) The factual information contained in this request and affidavit is based upon my investigation and upon information provided to me orally and in written form by officers with the Roanoke, Alabama, Police Department, the Chambers County Drug Task Force and other law enforcement officers. Because this affidavit is being submitted for the purpose of securing a complaint, it does not contain all the information from the investigation, but only those facts deemed necessary to establish probable cause for the requested complaint.

5) I have probable cause to believe that the above-named individual violated Title 21, United States Code, Section 841(a)(1) involving the distribution and possession with intent to distribute cocaine base, a Schedule II Controlled Substance, on or about November 17, 2006, in Roanoke, Alabama, within the Middle District of Alabama.

### LOCAL INVESTIGATION

6) On November 17, 2006, Agents of the Chambers County Drug Task Force and the Roanoke, AL Police Department initiated an investigation utilizing cooperating defendant Marcus Lewis.

7) Lewis placed a phone call, monitored by law enforcement officers, to Reginald HEFLIN. Lewis requested that HEFLIN deliver a quantity cocaine base to Lewis in Chambers County, AL.

8) Subsequently, Roanoke Police Department Investigators observed Reginald HEFLIN driving a vehicle southbound on Highway 431 towards Chambers County, AL. HEFLIN turned into a parking lot just before crossing into Chambers County and parked his vehicle. Roanoke Police Department investigators approached HEFLIN'S vehicle as HEFLIN exited. Investigator Derek Farr observed a plastic bag containing suspected cocaine base fall from HEFLIN'S lap to the ground as HEFLIN exited the vehicle. HEFLIN was also found to be in possession of $3635.00 US currency.

9) HEFLIN was mirandized and subsequently stated that he was taking the cocaine to Marcus Lewis.

10) A subsequent analysis, by the Alabama Department of Forensic Sciences, of the contents of the plastic bag retrieved revealed that the substance contained therein was 60.07 grams of cocaine base.

11) WHEREFORE, your affiant respectfully requests that a complaint and an arrest

warrant be issued against REGINALD HEFLIN for a violation of Title 21, United

States Code, Section 841(a)(1), possession of cocaine base with intent to

distribute.


THOMAS HALASZ
SPECIAL AGENT, DEA


Sworn to and Subscribed before me
this ___/s┗___ day of October, 2007.


SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF ALABAMA